# In the United States Court of Federal Claims

**FOR PUBLICATION**

No. 24-308T
(Filed: June 25, 2024)

|                                    |   |
|------------------------------------|---|
| **JOHN PEDROZA and LINDA G. PEDROZA**, | ) ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) ) |
| **UNITED STATES**, | ) ) ) |
| *Defendant*. | ) |

*John Pedroza* and *Linda G. Pedroza*, El Paso, TX, pro se.

*L. Steven Schifano*, Trial Attorney, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, DC, for defendant. With him on the briefs were *David A. Hubbert*, Deputy Assistant Attorney General, and *David I. Pincus*, Chief, and *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, DC.

**OPINION AND ORDER**

**BONILLA, Judge**.

      Plaintiffs John and Linda G. Pedroza seek to contest their federal income tax liability for tax year 2018. To that end, they timely challenged a notice of deficiency issued by the Internal Revenue Service (IRS) in the United States Tax Court. The Pedrozas have since twice amended their petition in that collateral action and concomitantly filed suit in this Court, seeking–in both fora–a refund of all federal income taxes paid or otherwise owed. The United States moves to dismiss the complaint filed in this Court pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), asserting that subject matter jurisdiction over the asserted tax claims lies exclusively with the Tax Court. This Court agrees. Accordingly, defendant's dispositive motion is GRANTED and plaintiffs' complaint is DISMISSED.

## BACKGROUND

The Pedrozas filed their Form 1040, U.S. Individual Income Tax Return, for tax year 2018 on April 11, 2019. In their joint return, the Pedrozas claimed a $3,618 refund, calculated by subtracting their aggregate federal income tax withholdings ($10,330) from their federal income tax reportedly due ($6,712). The IRS issued a notice of underreported income (CP2000) on November 9, 2020, and followed up with a notice of deficiency (CP3219A) dated April 12, 2021. Specifically, the IRS notified the Pedrozas of a $6,213 deficiency, plus a substantial tax understatement penalty and accruing interest. Taken together, rather than a $3,618 refund, the Pedrozas owed the IRS over $8,000 for tax year 2018.[1]

Following the instructions included in the notice of deficiency, the Pedrozas timely filed a petition in the Tax Court on July 12, 2021, challenging the IRS's underreporting and delinquency assessment.[2] *Compare* ECF 9-1 at 7 (notice of deficiency), *with Pedroza v. Comm'r of Internal Revenue*, No. 21-26658 (Tax Ct. filed July 19, 2021). In support, the Pedrozas cited I.R.C. § 104(a)(4) (dubbed the "St. Clair exception"), asserting Mr. Pedroza is "a 100% service-disabled veteran" and, consequently, his "severance-disability benefits . . . were mistakenly taken as taxable income, erroneously resulting in proposed amounts due."[3] ECF 9-2 at 2. Four months later, the IRS issued a notice of closure (CP2005) dated November 29, 2021, explaining:

> Your 2018 Form 1040 inquiry is closed.
> Amount due: $0.00
>
> Thank you for your response to the notice we sent to you about your 2018 (Form 1040) taxes. We're pleased to tell you that the information you provided resolved the tax issue in question and that our inquiry is now closed.

---

[1] The limited record suggests that the basis for the noticed tax deficiency stems from the Pedrozas' Social Security Benefit Statement (Form 1099-R). The Pedrozas reported a distribution of $45,692 for which no taxes were withheld. ECF 1-1 at 12. The IRS calculated $6,213 in tax owed. ECF 12-10 at 9. However, the proper calculation of the alleged deficiency is immaterial to this decision. The sole critical fact is that a deficiency was assessed.

[2] File stamped "received" by the Tax Court on July 19, 2021, the Pedozas' petition is postmarked (certified mail) July 12, 2021. *Compare* ECF 9-2 at 2, *with* 3. As explained in *United States v. Fairfield Gloves*, "timely mailing of documents to the Tax Court is treated as timely 'filing' of such documents [under I.R.C. § 7502]." 558 F.2d 1023, 1026 (C.C.P.A. 1977).

[3] *See St. Clair v. United States*, 778 F. Supp. 894, 895 (E.D. Va. 1991) (I.R.C. § 104(a)(4) "excludes from gross income 'amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces . . . .'").

2

ECF 9-1 at 6 (emphasis omitted).  The IRS notice continued: "If you filed a petition with the U.S. Tax Court, the Office of Chief Counsel will contact you regarding the final closing of your case." *Id.*

A prompt resolution was not forthcoming, and the Pedrozas filed an amended petition in the Tax Court on December 15, 2021, seeking to exempt nearly all of their tax year 2018 income under I.R.C. § 104(a)(4) and requesting a recalculated refund.[4] *See generally* ECF 9-3.  The IRS Independent Office of Appeals followed up on June 17, 2022, with a formal offer to close out the Pedrozas' 2018 Form 1040 and resolve the pending Tax Case with a $0 deficiency and cancellation of the assessed penalty and interest.  ECF 12-2 at 4–7.  The tendered draft settlement agreement also foreclosed any additional refund for tax year 2018.  *Id.* at 6 ("ORDERED AND DECIDED: That there is no deficiency in the income tax due from, *nor overpayment due to, petitioners* for the taxable year 2018 . . . .") (capitalization in original; emphasis added).  The Office of Chief Counsel offered the same on November 30, 2022.  ECF 1-1 at 18–20.

Rejecting the IRS's offer of compromise, the Pedrozas filed a second amended petition on December 12, 2022, seeking a refund in the amount of $10,329 (i.e., the amount of their 2018 federal withholdings stemming from the TSP distributions). The Pedrozas also sought over $160,000 in cost reimbursements and compensatory and punitive damages.  ECF 9-1 at 2–5.  On June 3, 2024, as amended and supplemented on June 4, 7, and 10, 2024, the Pedrozas filed a series of motions to withdraw their petition and voluntarily dismiss the Tax Court matter.  The Tax Court denied the motions on June 25, 2024, and as of the issuance of this decision, the collateral case remains pending.[5]

In the interim, the Pedrozas filed suit in this Court on February 16, 2024. Reiterating their Tax Court claims, the Pedrozas seek to recover the same $10,329 refund for tax year 2018 as well as unquantified expense reimbursements.  Citing the Pedroza's previously filed Tax Court petition, defendant asserts that I.R.C. § 6512 vests exclusive jurisdiction over plaintiffs' 2018 tax refund claim in that court, statutorily precluding this Court's collateral review.  The undersigned agrees.

---

[4] The Pedrozas' claim rests on a $51,649 Thrift Savings Plan (TSP) distribution, for which $10,329 was withheld.  ECF 1-1 at 12.  The record documents several communications from the IRS Office of Chief Counsel to the Pedrozas in February and May 2024, explaining that their St. Clair exception claim does not cover TSP distributions.  ECF 12-2 at 40–52.  Putting aside the parties' disagreement over the tax implications of TSP withdrawals, the limited record presented suggests that the IRS remitted to the Pedrozas the originally claimed tax refund of $3,618 on April 19, 2019.  ECF 12-7 at 2. Resolution of these issues is immaterial to the threshold jurisdictional decision reached herein.

[5] The Pedrozas seemingly sought to voluntarily withdraw their Tax Court petition and dismiss the collateral action in response to the dispositive motion filed in this case.  For the reasons discussed *infra*, the continued pendency or dismissal of the Tax Court action does not alter the jurisdictional decision reached by this Court today.

## DISCUSSION

### I.   Standard of Review

This Court's authority to adjudicate claims and grant relief requires an affirmative waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976). In evaluating the jurisdictional propriety of a claim, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995) (citing cases). Where, as here, plaintiffs are proceeding pro se, their pleadings are construed liberally. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing cases). Nevertheless, when the Court's authority to entertain a cause of action is challenged or otherwise called into question under RCFC 12(b)(1), plaintiffs must establish the Court's jurisdiction by preponderant evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

### II.   Jurisdictional Bar

Title 28, United States Code, Section 1346 provides for concurrent jurisdiction in federal district courts and the Court of Federal Claims to address "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . under the internal-revenue laws . . . ." 28 U.S.C. § 1346(a)(1). However, I.R.C. § 6512 generally bars lawsuits contesting a deficiency determination involving a tax year for which a Tax Court petition has been filed:

> If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income . . .) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) . . . , no credit or refund of income tax for the same taxable year . . . shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except [as prescribed herein.[6]]

I.R.C. § 6512(a). *See Solitron Devices, Inc. v. United States,* 862 F.2d 846, 848 (11th Cir. 1989) ("A bar to the exercise of jurisdiction by the district court over a tax case is triggered when the taxpayer files a petition with the Tax Court. The

---

[6] The enumerated exceptions include overpayments and excessive collections as determined in a final decision issued by the Tax Court, unrelated refunds and credits authorized by the Tax Court while the case is on appeal, collections made after the enforcement period expired or otherwise deemed statutorily untimely or prohibited, and overpayments attributable to certain partnership agreements. *See* I.R.C. § 6512(a)(1)–(6). There is no final Tax Court decision let alone any appeal, no untimely or improper collections, and no partnership agreement in the collateral action. The Pedrozas do not assert otherwise.

4

jurisdictional bar of section 6512(a) operates to prohibit *any* action for taxes for that taxable year.") (emphasis in original; internal citations omitted).

As explained by the United States Court of Appeals for the Federal Circuit:

> When a taxpayer is assessed with an income tax deficiency, he may challenge that assessment in one of two ways. One way is to pay the tax, request a refund from the IRS, and then file a refund suit in the Court of Federal Claims or in a district court. I.R.C. § 7422(a). The Court of Federal Claims lacks jurisdiction over a tax refund suit unless the assessment has been fully paid. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). In the alternative, the taxpayer can file a petition with the Tax Court without paying the assessment. *See Flora v. United States*, 362 U.S. 145, 163 (1960). With certain exceptions, if a taxpayer properly files a petition with the Tax Court, he cannot later file a claim in the Court of Federal Claims or in a district court to obtain a credit or refund for the same taxable year. I.R.C. § 6512(a).

*Smith v. United States*, 495 F. App'x 44, 48 (Fed. Cir. 2012). Put simply, a taxpayer may not elect to challenge a notice of deficiency in Tax Court and then simultaneously seek a refund for the same tax year in federal district court or in this Court. *See, e.g.*, *Stephanatos v. United States*, 81 Fed. Cl. 440, 442 (2008) ("The Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year. Accordingly, the Tax Court has exclusive jurisdiction over all claims the Plaintiff asserts pertaining to the [identified] tax years.") (emphasis and internal citation omitted), *aff'd*, 306 F. App'x 560, 563 (Fed. Cir. 2009) ("The Court of Federal Claims correctly determined that it did not have subject matter jurisdiction over [plaintiff's] claims for a refund of the taxes and penalties assessed for [the identified years]. [Plaintiff] chose to bring those claims before the Tax Court first, and when he did so, he put the entire matter into the hands of that court.").

Notwithstanding the broad scope of the jurisdictional bar, and limited specified exceptions, codified at I.R.C. § 6512(a), the Pedrozas advance an additional (implied) exemption: the November 29, 2021 notice of closure effectively retracted the April 12, 2021 notice of deficiency, rendering it void *ab initio*. Upon this premise, the Pedrozas maintain that their initial petition, as amended, was not effectually filed in the Tax Court and, consequently, jurisdiction over their 2018 Form 1040 never properly attached. This "but for" world argument was squarely rejected by this Court thirty years ago. The undersigned does so again today.

In *Gustafson v. United States*, the taxpayers reported back pay settlement proceeds received in connection with a suit brought against a private employer under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., on their 1986 federal income tax return. 27 Fed. Cl. 451, 452 (1993). They did not

5

report the matching liquidated damages received in connection with the settlement, however, prompting an IRS notice of deficiency. *Id.* The taxpayers filed a timely petition in the Tax Court challenging the notice of deficiency. *Id.* Three weeks later, the IRS issued a notice of closure, effectively withdrawing the notice of deficiency. *Id.* at 454. The parties then resolved the matter, resulting in the Tax Court issuing an order consistent with the IRS's proposed settlement in the parallel Tax Court action in this case: "there is no deficiency in income tax due from, nor overpayment due to, the petitioners for the taxable year 1986." *Id.* at 452 (internal quotations omitted).

Following a string of federal appellate court decisions finding ADEA back pay damages awards generally excludable under I.R.C. § 104(a)(2), the taxpayers in *Gustafson* filed an amended 1986 federal income tax return seeking a refund for the tax liability assessed on the originally reported portion of the ADEA settlement. 27 Fed. Cl. at 452. The IRS denied the requested refund and the taxpayers filed suit in this Court. *Id.* at 452–53. Dismissing the tax refund suit for lack of subject matter jurisdiction in accordance with I.R.C. § 6512(a), this Court explained:

> The wording of the statute is unambiguous–it bars a taxpayer from instituting a refund suit in "any court" after the taxpayer files a petition for the same tax period in the Tax Court, unless one of the four listed exceptions applies.[7] None of these four specific exceptions covers the situation where, *after* a taxpayer files a petition in the Tax Court, the IRS, in effect, informs the taxpayer that the IRS's prior notice of deficiency was erroneous. Thus, in applying Section 6512(a), it is irrelevant that plaintiffs would not have filed a Tax Court petition had they previously received the "Closure Letter." . . . The important point here is that plaintiffs did file a Tax Court petition which brought plaintiffs within the literal scope of Section 6512(a). The wording of the statute simply does not grant this court the authority to evaluate the equities and, based on that evaluation, to treat plaintiffs as though they had never filed a Tax Court petition.

*Gustafson*, 27 Fed. Cl. at 454–55 (emphasis original). The *Gustafson* court further explained: "It is not the decision which the Tax Court makes but the fact that the taxpayer has resorted to that court which ends his opportunity to litigate in [another court] his taxability for the year in question." *Id.* at 455 (quoting *Elbert v. Johnson*, 164 F.2d 421, 424 (2d Cir. 1947)) (internal quotation marks omitted). The foregoing analysis and conclusion apply with equal force here.

---

[7] In 1998, Congress amended § 6512(a) to add two exceptions addressing collections made after the enforcement period expired or otherwise deemed untimely or prohibited and unrelated refunds and credits authorized by the Tax Court during an appeal. *See* I.R.C. § 6512(a)(5)–(6). As noted *supra*, neither exception merits reevaluation of *Gustafson*'s applicability here. This is underscored by the continued citation to *Gustafson* after § 6512(a) was amended. *See, e.g.*, *Cheesecake Factory Inc. v. United States*, 111 Fed. Cl. 686, 691–92 (2013).

Further, the Tax Court's authority to entertain a taxpayer's petition is neither contingent upon nor divested by the respective correctness or incorrectness of the notice of deficiency which prompted the court challenge. Rather, the Tax Court's jurisdiction is predicated upon the validity of the notice of deficiency when issued. *Cross v. Comm'r of Internal Revenue*, 104 T.C.M. (CCH) 750, 2012 WL 62137446, at *6 (2012) ("[I]t is not the *existence* of a deficiency but the Commissioner's *determination* of a deficiency that provides a predicate for Tax Court jurisdiction.") (quoting *Scar v. Comm'r of Internal Revenue,* 814 F.2d 1363, 1369 n.10 (9th Cir. 1987) (emphasis in original)). It is the role of the Tax Court to assess the correctness of the declared deficiency.[8] *See id.*

In sum, the four prerequisites triggering the jurisdictional bar under I.R.C. § 6512(a) are clearly presented in this case: (1) the IRS issued a notice of deficiency under § 6212(a) for tax year 2018 on April 21, 2021; (2) the Pedrozas filed a petition with the Tax Court challenging the notice of deficiency within the time period prescribed in § 6213(a); (3) none of the six exceptions enumerated in § 6512(a) apply; and (4) through this action, the Pedrozas seek a refund for tax year 2018 (i.e., the same tax year covered by the April 21, 2021 notice of deficiency). Accordingly, this Court is statutorily precluded from entertaining this suit. *See, e.g.*, *Gustafson*, 27 Fed. Cl. at 453 ("The bar that results under Section 6512(a) precludes a taxpayer from instituting in 'any court' a suit in which the taxpayer seeks 'the recovery of any part of the tax' for the same taxable year with respect to which the Secretary has determined the deficiency, *i.e.*, where income tax is involved, Section 6512(a) bars any suit to recover any part of the income tax for the tax year covered in the IRS's deficiency notice and the taxpayer's petition in the Tax Court.") (citing cases).[9]

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction (ECF 9) is GRANTED and plaintiffs' complaint is hereby DISMISSED. The Clerk of Court is directed to ENTER judgment accordingly. No costs.

---

[8] The Pedrozas' suggestion that Tax Court judges are "inferior officers" to the IRS Commissioner and, therefore, lack the requisite authority to review the Commissioner's final determinations is unfounded. Once a petition is timely filed, I.R.C. § 6512(b)(1) authorizes the Tax Court to broadly review the noticed deficiency as well as the entirety of the federal income tax return(s) for the relevant year(s).

[9] The Pedrozas' objection to the Court's granting defendant three extensions of time is without merit. Defendant's motions were for short durations (totaling ten days) and demonstrated the requisite good cause. Aside from the Court's inherent power to manage its docket, RCFC 12(h)(3) requires dismissal of actions when subject matter jurisdiction is found to be lacking without regard to either party's actions or inactions. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.") (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

It is so **ORDERED**.

                                                                                                                                       _____
                                                                                                                                       Armando O. Bonilla
                                                                                                                                       Judge